IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAXIMILIANO PEREZ, | |
| **Plaintiff,** | |
| v. | CIVIL NO. 12-1603 (JAG) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, *et al.*, | |
| **Defendants.** | |

OPINION & ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Portfolio Recovery Associates, LLC's ("Defendant") Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Docket No. 8). For the reasons that follow, the Court GRANTS this motion and dismisses this case with prejudice.

BACKGROUND

Plaintiff Maximiliano Perez ("Plaintiff") filed this suit, *pro se*, alleging that Defendant had willfully violated the Fair Credit Reporting Act ("FCRA") in making sixteen unauthorized inquiries into Plaintiff's credit report. (Docket No. 1, ¶ 29). Plaintiff contends that these inquiries harmed his ability to obtain credit and, among other things, resulted in higher insurance premiums.[1] (See Docket No. 1, ¶ 33). Defendant does not

_____

[1] Plaintiff appears to paint these inquiries as the sole reason his loan application was denied. (See Docket No. 1, ¶ 32).

Civil No. 12-1603 (JAG)                                    2

deny that it made the inquiries. However, Defendant argues that
the FCRA requires Plaintiff to allege that "defendant used or
obtained the plaintiff's credit report for an impermissible
purpose" and "that the violation was willful or negligent."
(Docket No. 8, p. 6; citing 15 U.S.C. § 1681(b)f and <u>Stonehart
v. Rosenthal</u>, 2001 WL 910771 (S.D.N.Y. Aug. 13, 2001)).[2]

---

However, Scotiabank's letter reveals that "excessive inquiries"
were but one of four reasons that justified rejecting his
application. (<u>See</u> Docket No. 1-1). Scotiabank also found
Plaintiff's regular and revolving account balances to be
"excessive," as well as problems with the length of his credit
history. (<u>Id.</u>). The Court notes that this attachment forms part
of the pleadings and may be considered at the motion to dismiss
stage. However, the same is in Spanish and circuit precedent
requires it be translated to English. <u>See</u> <u>Gonzalez-de-Blasini v.
Family Dept.</u>, 377 F.3d 81, 89 (1st Cir. 2004) (holding that the
"district court should not have considered any documents before
it that were in the Spanish language"). **Thus, and in the
interest of efficiency, the Court conditions this Opinion and
Order on Defendant's submission of a certified translation of
the aforementioned exhibit within 30 days of the entry of this
Order.** <u>See</u> Local Rule 5(g).

[2] The Court notes that there is little caselaw in our Circuit
dealing with the FCRA, especially regarding the provisions under
which Plaintiff brings this case. However, the Court finds that
the test outlined by <u>Stonehart</u> is consistent with both the
statute and other courts which have addressed claims under §
1681(b). <u>See</u> <u>e.g.</u> <u>Dobson v. Holloway</u>, 828 F.Supp. 975, 977
(M.D.Ga. 1993) ("The fact that a consumer report is furnished
for an impermissible purpose ... does not result in automatic
liability. Liability is imposed only when the consumer reporting
agency either willfully or negligently fails to maintain
reasonable procedures to avoid violations of, i.e., § 1681 b.");
<u>see also</u> <u>Phillips v. Grendahl</u>, 312 F.3d 357, 364 (8th Cir. 2002)
*abrogated on other grounds by* <u>Safeco Ins. Co. of Am. v. Burr</u>,

Civil No. 12-1603 (JAG)                                         3

Defendant's position is that the complaint does not charge them
with either willful or negligent conduct in making those
inquiries. Thus, it fails to state a claim and must be
dismissed.

### STANDARD OF LAW

Under Rule 12(b)(6), a defendant may move to dismiss an
action for failure to state a claim upon which relief can be
granted. To overcome a Rule 12(b)(6) motion, the complaint must
plead sufficient facts "to state a claim to relief that is
plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662
(2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir.
2011), the First Circuit distilled from Twombly and Iqbal a two-
pronged test designed to measure the sufficiency of a complaint.
First, the reviewing court must identify and disregard
"statements in the complaint that merely offer legal conclusions
couched as fact, or threadbare recitals of the elements of a
cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal
punctuation omitted). In this analysis, the remaining non-
conclusory factual allegations must be taken as true, even if

---

551 U.S. 47 (2007). Accordingly, the Court finds it proper to
employ this test here.

Civil No. 12-1603 (JAG)                                        4

they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

**ANALYSIS**

In 1970, Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). The FCRA aims to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FCRA enforces this goal by imposing civil liability upon a person or entity that willfully or negligently obtains a credit report for a purpose that is not authorized by the statute. 15 U.S.C. §§ 1681b(f), 1681n(a). A plaintiff may recover actual damages for negligent violations, 15 U.S.C. § 1681 o(a)(1), and actual or statutory and punitive damages for willful ones, id. § 1681n(a)(1)-(2); Safeco, 551 U.S. at 53.

Civil No. 12-1603 (JAG)                                            5

Plaintiff contends that on sixteen different occasions, Defendant impermissibly used or obtained Plaintiff's credit report. But the mere fact that Defendant accessed Plaintiff's report without his consent is not sufficient to engage the liability provisions of the FCRA. <u>See</u> 15 U.S.C. § 1681(a); <u>see e.g.</u> <u>Stergiopoulos v. First Midwest Bancorp, Inc.</u>, 427 F.3d 1043, 1046 (7th Cir. 2005) (observing that § 1681b "does not require that consumers expressly approve each request for a report"). It is the *purpose* behind the inquiry that is determinative. For example, an entity may procure a person's credit report without permission if it:

1. "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" <u>Id.</u> at § 1681b(a)(3)(A).
2. "intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation;" <u>Id.</u> at § 1681b(a)(3)(A).
3. or if it "otherwise has a legitimate business need for the information." <u>Id.</u> at § 1681b(a)(3)(F), such as when a review of a consumer account is necessary "to determine whether the consumer continues to meet the terms of the account." <u>Id.</u> at § 1681b(a)(3)(F)(ii).

To survive Defendant's Motion to Dismiss, the complaint must aver sufficient facts to establish to a plausible degree that Defendant obtained the credit reports for an impermissible

Civil No. 12-1603 (JAG)                                          6

purpose, and that their conduct was either willful or negligent. See Footnote 2, *supra*; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court finds the complaint fails to meet either requirement.

Were the inquiries made for a permissible purpose?

Beyond stating that Defendant made sixteen inquiries into Plaintiff's credit report, the complaint offers no factual basis to infer what purpose –permissible or impermissible– Defendant had in making those inquiries. The complaint starts by stating that Defendant has been "obtaining and furnishing information from the Plaintiff's Transunion consumer credit report with no permissible purpose in violation of the FRCA." (Docket No. 1, ¶ 2). But this is nothing more than a "threadbare recital of the elements of a cause of action," and thus may safely be discarded in this analysis. Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted).

The complaint alleges that Plaintiff has no accounts or business with the Defendant "that could grant the Defendant any right to collect, or to have permissible purpose to obtain Plaintiff's consumer report, or make any inquiries…" (Docket No. 1, ¶ 39). But no part of the FCRA prevents third-parties from searching a person's credit report, even ones with no previous relationship to the person, provided that the inquiry is done

for permissible purposes. The fact that Plaintiff had credit problems, as evidenced by the loan rejection letter, (see Footnote 1, *supra*), militates against finding that the credit inquiries were unwarranted. See e.g. 15 U.S.C. § 1681b(a)(3)(A) (providing that credit inquiry is permissible for "review or collection of an account of[] the consumer"); see generally Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 n.7 (3rd Cir. 2011); see also 15 U.S.C. § 1681b(a)(3)(F)(ii). Thus, this argument is also unavailing.

The complaint also states that the consumer report "places outside the 'permissible purpose' all inquiries" made by Defendant. (Docket No. 1, ¶ 27, copied *verbatim*). Plaintiff points to what appears to be a printed page of a section of Plaintiff's website account with Transunion, attached to the complaint as "Evidence A1." (See Docket No. 1-1). That document shows the "account review inquiries" made on Plaintiff's report.[3]

---

[3] The Court is not exactly sure what this document represents. For instance, the page explicitly states that the "inquiries are not displayed to anyone but you *and will not affect any creditor's decision or any credit score*…," (Docket No. 1-1, p. 1)(emphasis added), which belies Plaintiff's contention that his credit eligibility was affected by Defendant's inquiries. This also flies in the face of the statute's definition of what a "consumer report" is. Cf. 15 U.S.C. § 1681a(d)(1)(term "consumer report" means any […] communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness […] which is used […] *for the purpose of establishing the consumer's eligibility for credit*…")(emphasis added). Second, it is not clear whether this page represents all, or

Civil No. 12-1603 (JAG)                                                    8

These are listed by the company that made the inquiry, and
include that company's address and the date on which the
requests were made. Some of the inquiries listed include a
section titled "Permissible Purpose." For example, the printout
shows that two inquiries were made either by Plaintiff or on his
behalf. (See e.g. Id. (for "credit monitoring" and due to
"consumer request")). Another request was made for the purpose
of "collection." (Id.). However, the requests made by Defendants
are more numerous than those made by any other entity on the
report, and do not have the "permissible purpose" qualifier.
Taken in isolation and in the light most favorable to Plaintiff,
this might indicate that Defendant did not have a statute-
sanctioned purpose in obtaining his credit report. However, it
is a stretch (and an implausible one at that) to state that the
mere omission of the "permissible purpose" qualifier for
Defendant's inquiries automatically means that those inquiries
were impermissible. See Heath v. Credit Bureau of Sheridan,
Inc., 618 F.2d 693, 696 (10th Cir. 1980)(noting that "if a
credit bureau supplies information on a consumer that bears on
personal financial status, but does not know the purpose for
which the information is to be used, it may be reasonable to
assume the agency expected the information to be used for a

---

only a portion of, the inquiries made on Plaintiff's credit
report.

Civil No. 12-1603 (JAG)                                              9

proper purpose"). This is so because Transunion bears the same obligation as Defendant, and as any other person intending to inquire upon Plaintiff's credit history, of ensuring that those inquiries are made for permissible purposes.

In any event, Iqbal requires that the claims asserted be plausible, not merely possible. Ashcroft v. Iqbal, 129 S.Ct. at 1951 (internal punctuation omitted). To nudge a complaint across the line from the possible to the plausible, plaintiffs must do more than deliver "naked assertions devoid of further factual enhancement." Id. at 1949 (citing Twombly, 550 U.S. at 557); see also Ocasio-Hernández v. Fortuño Burset, 640 F.3d at 14-15 (to survive a Rule 12(b)(6) motion to dismiss, plaintiffs must bolster their allegations with "discrete factual events"). Here, while there may be sufficient ground to find that Defendant possibly obtained Plaintiff's credit report without any permissible purpose, the complaint –taken as a whole– stops short of showing plausibility. Further, the Court is not required to "conjure up unpled allegations" to support Plaintiff's deficient complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

Other courts have faced this type of complaint before, based on similar allegations, and have also found them lacking. See e.g., Hinton v. Trans Union, LLC, 654 F.Supp.2d 440 (E.D.Va. 2009), aff'd 382 Fed. Appx. 256, 2010 WL 2294589 (dismissing

Civil No. 12-1603 (JAG)                                       10

FCRA claims that rested on the allegation that the plaintiff never gave his consent to several inquiries in the credit report).

## Were Defendant's actions willful or negligent?

The complaint fares worse on this prong of the test. To start with, this factor feeds off of the previous one, for the Court cannot find negligence or willfulness where Defendant's conduct was not contrary to the FCRA. But even assuming *arguendo* that Defendant impermissibly obtained Plaintiff's credit report, the complaint fails to follow through and plausibly plead that Defendant's conduct was either willful or negligent.

At every turn, the complaint claims that Defendant's actions were negligent or willful, but gives no factual basis for these allegations. (See e.g., Docket No. 1, ¶ 29, 30, 35-37, etc.). For instance, the complaint contends Defendant willfully violated the FCRA "by obtaining Plaintiff's consumer report without permissible purpose…" (Docket No. 1, ¶ 29). But that threadbare statement is not enough. To survive Defendant's motion to dismiss, Plaintiff must aver sufficient facts to plausibly establish that Defendant, either knowingly or with reckless disregard, ignored its obligations under the FCRA. See Safeco Ins. Co. v. Burr, 551 U.S. 47, 56-60 (2007)(holding that

Civil No. 12-1603 (JAG)                                       11

willfulness as used in § 1681n of the FCRA means knowledge or recklessness). There is no such allegation present in Plaintiff's complaint. Neither is there enough to glean negligence from the pleadings. Simply put, the reasons for which Defendant made the inquiries are unknown and, more importantly, remain unpled.

In <u>Farkash v. RJM Acquisitions Funding, Inc.</u>, Slip Copy, 2012 WL 2619710 (S.D.N.Y. 2012), the plaintiff alleged he "contacted Defendants to notify them of their violations in an attempt" to amicably settle his dispute. <u>Id.</u> at *2. Like in <u>Farkash</u>, the Plaintiff here sent that communication *after* the alleged violations had occurred. (<u>Cf.</u> <u>Farkash</u>, 2012 WL 2619710 at 2 <u>with</u> Docket No. 1, ¶ 27). Accordingly, Plaintiff cannot claim that his communication put Defendant on notice that their actions were illegal. The opposite seems to be the case, as there appear no inquiries made by Defendant after the date in which Plaintiff allegedly notified Defendant of his impending lawsuit.

**CONCLUSION**

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss. Judgment shall be entered accordingly.

IT IS SO ORDERED.

Civil No. 12-1603 (JAG)                                    12

        In San Juan, Puerto Rico, this 30th day of October, 2012.

                                    s/ Jay A. Garcia-Gregory
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge